UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Humberto Angulo Mero,
    Plaintiff

    v.      Case No. 23-cv-155-SM
        Opinion No. 2023 DNH 097

Warden, FCI Berlin,
    Defendant

**O R D E R**

Humberto Angulo Mero ("Mero") is a federal prisoner currently being held at the Federal Correctional Institution in Berlin, New Hampshire. He petitions the court pursuant to 28 U.S.C. § 2241, saying the Bureau of Prisons ("BOP") has improperly classified him as "ineligible" to apply time credits he has earned under the First Step Act and, therefore, incorrectly calculated his projected release date. He seeks an order directing the BOP to properly account for those time credits and to amend his projected release date by one year.

The government moves to dismiss Mero's petition, asserting that it fails to state any viable claims. Mero has not responded, likely because he realizes those claims are now moot. For the reasons discussed, the government's motion to dismiss is granted.

## Discussion

Mero is citizen of Ecuador, currently serving a 98-month term of imprisonment, with no term of supervision. He is the subject of an Immigration and Customs Enforcement ("ICE") detainer that was lodged against him in July of 2019. With the benefit of good time credits, his anticipated "Final Statutory Release Date" is September 24, 2025. See Sentence Monitoring Computation Data (document no. 5-3) at 1. None of that is in dispute.

In his petition, Mero asserts that the BOP is improperly preventing him from applying earned FSA time credits toward "early release" because he is subject to an ICE detainer.[1] While that was once the case, it is no longer true. As discussed in several prior orders of this court, the BOP was, for a time, precluding inmates subject to ICE detainers from applying earned FSA time credits toward early release to supervision. But, on February 6, 2023, the BOP amended its procedures for implementing the First Step Act. Among other things, it removed language from the prior policy that prohibited prisoners subject

---

[1] Because Mero's petition is unclear, the court will assume that he is challenging his eligibility for early release to both supervision and prerelease custody.

to ICE detainers from applying FSA time credits toward an early release to supervision.  See U.S. Dept. of Justice, Bureau of Prisons, Program Statement 5410.10 CN-1 at 2 (Feb. 6, 2023).[2]

The same is true with respect to inmates subject to detainers seeking early release to prerelease custody.  On March 10, 2023, the BOP modified its position again, this time determining that inmates subject to detainers (but not final orders of removal) could apply FSA time credits toward prerelease custody.  See U.S. Dept. of Justice, Bureau of Prisons, Program Statement 5410.10 CN-2 (March 10, 2023). Subsequently, the BOP clarified that change in policy with an internal memorandum, "advising that FSA time credits will be applied in all cases consistent with 18 U.S.C. § 3624(g), including individuals with unresolved pending charges and/or detainers."  See Oprea v. Warden, FCI Berlin, No. 23-cv-141-SM, Affidavit of Robert Rouleau (document no. 9-1) at para. 17. And, on June 13, 2023, the BOP issued "Guidance Regarding the Application of First Step Act Earned Time Credits to Pre-release Custody for Individuals with Detainers or Unresolved Pending Charges."  Id. at para. 18.

---

[2]   Parenthetically, the court notes that because Mero was not sentenced to serve a term of supervised release, he cannot be released early to supervision.  See 18 U.S.C. § 3624(g)(3).  See also 28 C.F.R. § 523.44(d).

3

Consequently, otherwise qualified inmates who are subject to ICE detainers (but not final orders of removal) are now permitted to apply earned FSA time credits toward early release to prerelease custody and supervised release.  See, e.g., Bello-Arias v. Warden, FCI Berlin, 2023 DNH 043, 2023 WL 3043271, at *1 (D.N.H. Apr. 21, 2023); Portocarrero Montano v. Warden, FCI Berlin, 2023 DNH 059, 2023 WL 3572791, at *1 (D.N.H. May 15, 2023).  See generally 18 U.S.C. § 3632(d)(4)(E)(i).

## Conclusion

In light of the recent BOP policy changes, Mero's petition for habeas corpus relief is moot.  The government's motion to dismiss (**document no. 5**) is granted and the petition (**document no. 1**) is dismissed.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 14, 2023

cc:  Humberto Angulo Mero, pro se
     Terry L. Ollila, AUSA

4